United States District Court
Southern District of Texas
**ENTERED**
March 15, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CRISTHIAN OSORNIO,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 1:20-cv-38<br>CRIM. ACTION NO. 1:16-210-1 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§ | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 23, 2020, Petitioner Cristhian Osornio filed a motion to vacate, set aside or correct his sentence pursuant to 42 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the Rules Governing Section 2255 Proceedings.

After conducting that review, the Court recommends that the petition be denied as meritless.

## I. Background

### A. Factual Background

#### 1. Indictment & Guilty Plea

On March 15, 2016, the grand jury indicted Osornio on one count of receiving child pornography; one count of possession of child pornography; and, one count of distributing child pornography. U.S. v. Osornio, Criminal No. 1:16-210-1, Dkt. No. 14 (J. Hanen presiding) [hereinafter CR].

As relevant here, the indictment for possessing child pornography included language that it "involved the use of a minor who had not obtained twelve years of age engaging in sexually explicit conduct." CR Dkt. No. 14, p. 1. That language increased the maximum sentencing range from 10 years to 20 years. 18 U.S.C. § 2252A(b)(2).

On November 17, 2016, Osornio pled guilty to the count of possessing child pornography, but did not enter into a written plea agreement with the Government. CR Dkt. No. 98. The Government did, however, file an amended indictment which removed the language about the minor being younger than 12, as a "concession" in exchange for Osornio pleading guilty. Id., p. 3. Thus, Osornio faced a maximum sentence of 10 years imprisonment for the count to which he pled guilty. Id.

**2. Presentence Report**

In the final presentence report ("PSR"), Osornio was assessed a base offense level of 18. CR Dkt. No. 72, pp. 10-11. He was assessed a five-level enhancement because he distributed child pornography for a non-pecuniary gain. Id. He was also assessed a five-level enhancement because the offense involved more than 600 images of child pornography. Id. He was assessed a four-level enhancement because the material involved either sadistic conduct or sexual abuse of an infant or toddler. Id. He was assessed a two-level enhancement because the offense involved the use of a computer and an additional two-level enhancement because it involved a minor who was younger than 12.[1] Id. Osornio was given a three-level reduction for acceptance of responsibility. Id. Thus, Osornio was assessed a total offense level of 33. Id.

Regarding his criminal history, Osornio had no adult criminal convictions and was assessed no criminal history points. CR Dkt. No. 72, pp. 12. This resulted in a criminal history category of I. An offense level of 33 and criminal history category of I, produced a sentencing guideline imprisonment range of 135 to 168 months.

**3. Plea Agreement**

On March 13, 2018 – the date of sentencing – Osornio entered into a written plea agreement with the Government. CR Dkt. No. 79.

[1] The Court notes that while the language about a victim being under the age of 12 was removed from the indictment, it could, nevertheless, be considered as relevant conduct in calculating the sentencing range under the guidelines. Relevant conduct for sentencing purposes includes "offenses for which a defendant has been indicted but not convicted, as well as the factual basis of dismissed counts." U.S. v. Espinoza, 697 F. App'x 308, 309 (5th Cir. 2017) (unpubl.) (citing U.S. v. Ponce, 917 F.2d 846, 848 (5th Cir. 1990)).

As part of the plea agreement, Osornio waived his right to appeal or collaterally attack his sentence. CR Dkt. No. 79, p. 3.[2]

In exchange, the Government agreed to dismiss the remaining counts in the indictment; "recommend the defendant be sentenced to the low end of the sentencing guideline level the defendant scores;" and move for an additional one-level reduction for acceptance of responsibility. CR Dkt. No. 79, p. 4. The plea agreement made no mention of any promise by the Government as to how it would respond if Osornio requested a variance for a below-Guidelines sentence.

The plea agreement also contained a provision that the written plea agreement "constitutes the complete plea agreement between the United States, Defendant and Defendant's counsel." CR Dkt. No. 79, p. 13. It also stated that there were no "promises or representations" made by the United States other than those "set forth in writing in this plea agreement." Id.

**4. Sentencing**

On March 13, 2018, the Court held the sentencing hearing. CR Dkt. No. 104. The Court questioned Osornio about the agreement. As relevant here, the Court asked him about the waiver of appellate rights and the Government's promises to him.

> Court: All right. By entering this agreement, Mr. Osornio, you've also agreed in paragraph five on page 3 of this agreement to waive or give up the right to appeal the conviction or the sentence imposed and you've also agreed to waive or give up the right to attack the conviction after it becomes final by collaterally attacking it under Title 18 -- or Title 28 United States Code Section 2255; do you understand that?

[2] The Court will not consider whether the waiver of appellate rights is applicable in this case. Normally, the Court can sua sponte apply the waiver and dismiss the case, on the assumption that the Government would seek to enforce what it bargained for. U.S. v. Del Toro-Alejandre, 489 F.3d 721, 722 (5th Cir. 2007). However, if the Government breached the plea agreement – as Osornio alleges – then the waiver of appellate rights contained in the plea agreement is no longer in force. See U.S. v. Purser, 747 F.3d 284, 289 n. 11 (5th Cir. 2014) ("when the Government breaches a plea agreement, the defendant is necessarily released from an appeal waiver provision contained therein.") (internal quotation marks omitted). As such, the Court will resolve the petition by focusing on the breach issue. Nothing in this footnote should be read as a holding that the Government has waived or declined to enforce the waiver.

> Osornio: Yes.
>
> Court: All right. The United States in its half of the agreement, what -- what it's pledging to do if the Court accepts the plea agreement, will move to dismiss the remaining counts and recommend you be sentenced at the low end of whatever guideline level that you score; do you understand that?
>
> Osornio: Yes.
>
> Court: And that if it determines you qualify for an adjustment under Section 3E1.1(a) [acceptance of responsibility], it will move for an additional one level reduction; you understand that?
>
> Osornio: Yes.

CR Dkt. No. 104, p. 5.

No mention was made of any agreement regarding a request for a sentencing variance.

Additionally, the Government moved to remove the five-level enhancement for distributing pornography in exchange for something of non-pecuniary value. Dkt. No. 104, p. 7. The Government also moved for additional point for acceptance of responsibility. Id., pp. 7-8. After both of these motions were granted, Osornio's revised offense level was 28, resulting in a new guideline sentencing range of 78 to 97 months. Id.

Osornio's counsel moved for a variance for a below-guidelines sentence, citing his lack of prior criminal record; his willingness to seek out therapy; and the fact that he never attempted to harm a child. CR Dkt. No. 104, pp. 13-18.

When the Court asked the Government if it wished to reply to the request for a variance, the Assistant U.S. Attorney replied, "Well, Your Honor, we're – not necessarily. We'd leave it to the Court's discretion. We do obviously have … [a] … recommendation for the low end of the guideline." CR Dkt. No. 104, pp. 18-19.

The Court rejected the request for a variance and sentenced Osornio to 78 months imprisonment, a life term of supervised release and $30,000 in restitution. CR Dkt. No. 104, pp. 20-25. Judgment was entered on June 8, 2018. CR Dkt. No. 84.

**5. Direct Appeal**

On June 14, 2018, Osornio timely filed a notice of appeal. CR Dkt. No. 86.

On September 28, 2018, Osornio's appellate counsel filed an Anders[3] brief, stating that there were no non-frivolous appealable issues. Osornio v. U.S., Case. No. 18–40569 (5th Cir. 2018); CR Dkt. No. 115. Appellate counsel also filed a motion to withdraw. Id. Osornio did not file a response to the brief or the motion to withdraw.

On March 1, 2019, the Fifth Circuit granted the motion to withdraw, finding that there were "no nonfrivolous issue[s] for appellate review." CR Dkt. No. 115. Accordingly, the Fifth Circuit dismissed the appeal. Id.

Osornio did not file a petition for writ of certiorari with the Supreme Court. Osornio had 90 days in which to file that petition; that deadline expired on May 30, 2019. SUP. CT. R. 13.1. Thus, Osornio's conviction became final on that date. Clay v. U.S., 537 U.S. 522 (2003).

**B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On March 23, 2020, Osornio timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.

Osornio makes two claims: (1) that the Government breached the plea agreement when it stated "we will leave it to the Court's discretion" when responding to the request for a variance; and (2) appellate counsel was ineffective for failing to raise this issue on direct appeal.

Because this petition can be resolved solely on the record, the Court has not ordered the Government to respond.

## II. Applicable Law

**A. Section 2255**

Osornio seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the

[3] Anders v. California, 368 U.S. 738 (1967).

> sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

**B. Plea Agreements**

The Government "must strictly adhere to the terms and conditions of its promises in the agreement." U.S. v. Munoz, 408 F.3d 222, 226 (5th Cir. 2005) (citing U.S. v. Valencia, 985 F.2d 758, 761 (5th Cir.1993)). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). The Court must determine if the Government's conduct was consistent with the defendant's "reasonable understanding" of the agreement. U.S. v. Huddleston, 929 F.2d 1030, 1032 (5th Cir. 1991).

The Government may not make an argument at sentencing that is contrary to the express terms of the plea agreement. Munoz, 408 F.3d at 227 (Government breached the plea agreement by arguing at sentencing for an abuse of trust enhancement that was not included in the guidelines calculation of the plea agreement); Valencia, 985 F.2d at 761 (When Government stipulated in plea agreement that defendant accepted responsibility, it breached that agreement when it argued at sentencing that defendant did not accept responsibility); U.S. v. Villarreal-Rodriguez, 356 Fed. App'x. 759, 760-61 (5th Cir, 2009)

(unpubl.) (When Government agreed to recommend that defendant receive maximum credit for acceptance of responsibility, it breached the plea agreement when it failed to make such a recommendation).

"The defendant bears the burden of demonstrating the underlying facts that establish breach by a preponderance of the evidence." U.S. v. Roberts, 624 F.3d 241, 246 (5th Cir. 2010).

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Osornio's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Osornio's claim.

The Court must decide whether the Government breached the plea agreement, because all the issues in this case flow from that claim. If the Government breached the agreement, then the waiver of appellate rights contained in the plea agreement is no longer in force. Purser, 747 F.3d at 289 n. 11. Furthermore, if the Government breached the plea agreement, then appellate counsel would be ineffective for failing to raise a claim that would have likely resulted in the case being remanded for a new sentencing hearing. Halprin v. Davis, 911 F.3d 247, 260 (5th Cir. 2018); U.S. v. Puckett, 505 F.3d 377, 386-87 (5th Cir. 2007).

On the other hand, if the Government did not breach the plea agreement, appellate counsel would not be ineffective for failing to raise a meritless argument. See Clark v.

Collins, 19 F.3d 959, 966 (5th Cir. 1994) (counsel does not render ineffective assistance by failing to make meritless objections). Thus, the Court must resolve the issue of breach as a threshold matter.

**A. Breach**

As previously noted, the Court must determine if the Government's conduct was consistent with the defendant's "reasonable understanding" of the agreement. Huddleston, 929 F.2d at 1032. The Court must first look at the express terms of the plea agreement and then consider whether the defendant's understanding and expectations were reasonable considering the plain language of the agreement. U.S. v. Pizzolato, 655 F.3d 403, 409-10 (5th Cir. 2011).

In this case, the plea agreement was silent as to the Government's response and obligations if Osornio requested a variance for a below-Guidelines sentence. Rather, the Government was required, by the plain terms of the agreement, to "recommend the defendant be sentenced to the low end of the sentencing guideline level the defendant scores." CR Dkt. No. 79, p. 4. When the Government was asked for its response to Osornio's request for a variance, the prosecutor replied, "We'd leave it to the Court's discretion. We do obviously have … [a] … recommendation for the low end of the guideline."

The Government lived up to the plea agreement. It recommended that Osornio be sentenced at the low end of the properly-calculated guideline sentencing range. It did not seek a variance for an above-guidelines sentence. It did not seek a sentence higher than 78 months, which was the low end of the range.

Osornio "could not have reasonably understood the plea agreement" to include a requirement that the Government affirmatively support his request for a below-Guidelines sentence. Pizzolato, 655 F.3d at 410. The text of the plea agreement contains no provision binding the Government to a particular response or position if Osornio sought a below-Guidelines sentence. Osornio has pointed to no oral promises from the Government; indeed, the plea agreement affirmatively denied the existence of any promises other than those contained in the agreement. CR Dkt. No. 79, p. 13.

Osornio has the burden of showing, by a preponderance of the evidence, that the plea agreement contained this provision, and that the Government breached the provision. Roberts, 624 F.3d at 246. Osornio failed to meet this burden and this claim should be denied.

**B. Ineffective Assistance**

As observed earlier, if the Government did not breach the plea agreement, then appellate counsel would not be ineffective for failing to raise a meritless argument. See Clark, 19 F.3d at 966 (ineffective assistance cannot be the result of meritless objections). Accordingly, this claim should also be denied.

**IV. Recommendation**

It is recommended that the Petitioner Cristian Osornio's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be denied as meritless.

**A. Certificate of Appealability**

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Osornio's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Osornio's § 2255 motion raises issues that the Court has carefully considered, he

fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is recommended that a COA should be denied.

**B. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on March 15, 2021.

Ronald G. Morgan
United States Magistrate Judge